```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
FRANCISCO MOYA DE LEON (A041 941 096),  :
                                        :       OPINION AND ORDER
                    Plaintiff,          :
                                        :       10 Civ. 6176 (DLC)
               -v-                      :
                                        :
JANET NAPOLITANO, as Secretary United   :
States Department of Homeland           :
Security, and ANDREW QUARANTILLO, as    :
District Director, U.S. Citizenship     :
and Immigration Services,               :
                                        :
                    Defendants.         :
----------------------------------------X
```

APPEARANCES:

For Plaintiff:
Nancy Morawetz, Esq.
Sara Cullinane, Legal Intern
Jessica Fan, Legal Intern
Washington Square Legal Services, Inc.
245 Sullivan Street, 5th Floor
New York, NY 10012

For Defendants:
Patricia L. Buchanan
Assistant United States Attorney
86 Chambers Street
New York, NY 10007

For amicus curiae the Legal Aid Society:
Ateesh S. Chanda
Jeremy Steckel
Ken Sanocki (Not Yet Admitted)
Ranee Adipats
Milbank, Tweed, Hadley & McCloy LLP
One Chase Manhattan Plaza
New York, NY 10005

DENISE COTE, District Judge:

Francisco Moya de Leon ("Moya de Leon") brings the above-captioned action pursuant to § 301 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c) ("§ 1421(c)"), which provides for de novo review by a district court of an immigration officer's decision denying an application for naturalization.  Id.  The defendants have moved to dismiss Moya de Leon's amended complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.  For the following reasons, the motion is granted.

## BACKGROUND

Unless otherwise specified, the following facts are drawn from the plaintiff's amended complaint filed on December 3, 2010 (the "Complaint") and are assumed to be true for the purposes of this motion.  Moya de Leon is a national of the Dominican Republic, but he has resided in the United States since 1988, when he was admitted as a conditional permanent resident.  In May 1990, the conditions on his residency were lifted.

On or about March 18, 2009, Moya de Leon filed a Form N-400, Application for Naturalization (the "Application"), with the United States Citizenship and Immigration Service ("USCIS").  By decision dated September 21 (the "September 21 Decision"), USCIS denied Moya de Leon's Application.  On October 1, plaintiff filed a timely administrative appeal of the September

21 Decision.  That appeal was denied on August 10.  On August 17, 2010, plaintiff commenced the above-captioned action pursuant to § 1421(c), seeking a de novo review of the USCIS decision denying his Application.

In September 2010, while this action was pending, Immigration and Customs Enforcement ("ICE") issued Moya de Leon a notice to appear in a removal proceeding, alleging that he is removable under INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) (as an alien who has been convicted of a controlled substance offense) and INA § 237(a)(1)(A), 8 U.S.C. § 1227(a)(1)(A) (as an alien who was inadmissible at the time of admission).  On December 3, Moya de Leon filed an amended complaint seeking, inter alia, a declaratory judgment on the legality of the defendants' decision to deny his application, a declaratory judgment on his prima facie eligibility for naturalization, and an order directing the defendants to re-adjudicate his Application.

On January 28, 2011, the defendants filed a motion to dismiss the Complaint.  Although the motion became fully submitted on March 4, on March 10, the Court granted The Legal Aid Society leave to file an amicus curiae brief in support of the plaintiff.  The defendants filed a brief in opposition to the amicus curiae brief on March 31.

DISCUSSION

The defendants move to dismiss the Complaint pursuant to § 318 of the INA, 8 U.S.C. § 1429 ("§ 1429"), since a district court may not "consider" the naturalization application of an individual who is the subject of an ongoing removal proceeding. To address the merits of this motion, it is useful to describe, albeit briefly, the evolution of the statutory framework controlling naturalization and removal decisions.

Before 1990, naturalization was the "province of the courts and removal the province of the executive acting through the Attorney General." Perriello v. Napolitano, 579 F.3d 135, 138 (2d Cir. 2009) (citation omitted). To avoid a "race between the alien to gain citizenship and the Attorney General to deport him," § 27 of the Internal Security Act of 1950 ("§ 27") -- the statutory predecessor to § 1429 -- stated that "no petition for naturalization shall be finally heard by a naturalization court if there is pending against the petitioner a deportation proceeding." Ajlani v. Chertoff, 545 F.3d 229, 236 (2d Cir. 2008) (citation omitted) (emphasis supplied). "Thus, from 1950 to 1990, federal law clearly forbade district courts from ruling on naturalization applications while removal proceedings were pending against the alien applicant." Id.

The Immigration Act of 1990 (the "1990 Act"), Pub. L. No. 101-649, 104 Stat. 4978, "unified naturalization and removal

4

authority in the executive by conferring 'sole authority to naturalize persons as citizens of the United States' on the 'Attorney General.'" Ajlani, 545 F.3d at 236 (citing 1990 Act). At the same time, the 1990 Act amended § 27 "by striking 'finally heard by a naturalization court' and inserting 'considered by the Attorney General.'" Id. (citing 1990 Act). Thus, § 1429 -- the modern equivalent of § 27 -- states, in relevant part, that

> [N]o application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest issued under the provisions of this chapter or any other Act.

8 U.S.C. § 1429 (emphasis supplied).

Although the 1990 Act largely divested district courts of authority over naturalization proceedings, § 1421(c) permits "[a] person whose application for naturalization . . . is denied" to "seek review of such denial before the United States district court."  8 U.S.C. § 1421(c).[1]  "Such review shall be de

---

[1] Courts may also exercise authority over naturalization pursuant to 8 U.S.C. § 1447(b), which provides that if "there is a failure to make a determination . . . before the end of the 120-day period" following an applicant's required examination,

> the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter.  Such Court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions . . . ."

5

novo, and the court shall make its own findings of fact and conclusions of law." Id.  Section 1429, however, is silent regarding the authority of district courts while removal proceedings are pending.  Ajlani, 545 F.3d at 239.

In Ajlani, the Second Circuit examined the scope of a district court's ability to authorize relief from a naturalization decision while removal proceedings are pending. Id.  The Court joined three other circuits in "conclud[ing] that the priority afforded removal proceedings by § 1429 limits the courts' authority to grant naturalization pursuant to § 1421(c)."  Id.  Specifically, it reasoned that

> district court authority to grant naturalization relief while removal proceedings are pending cannot be greater than that of the Attorney General.  To hold otherwise would be to restart the race that Congress attempted to end between naturalization and removal proceedings in the Internal Security Act of 1950 and various successor statutes, in circumstances where that race would appear particularly inappropriate, i.e., where information belatedly comes to the executive's attention indicating not only that an alien's naturalization application may have been improvidently granted but also that the alien should, in fact, be removed from the United States.

Id. at 240 (citation omitted).  Accordingly, the Second Circuit upheld the district court's decision to dismiss Ajlani's case "for failure to state a claim upon which naturalization relief

---

Id. § 1447(b).

could be granted while removal proceedings were pending."  Id. at 241.

Moya de Leon filed this action pursuant to § 1421(c) seeking a declaratory judgment regarding the "legality of Defendants' denial of Plaintiff's Application for naturalization" and "Plaintiff's prima facie eligibility for naturalization," and an order "[d]irecting Defendants to re-adjudicate Plaintiff's Application for naturalization."  Like the plaintiff in Ajlani, Moya de Leon has requested relief that § 1429 would preclude the Attorney General from granting.  And, since a district court cannot grant naturalization relief that the Attorney General would not otherwise be permitted to grant, the Complaint must be dismissed for failure to state a claim upon which relief can be granted.  See Ajlani, 545 F.3d at 241.

Moya de Leon principally argues that Ajlani is distinguishable since the relief sought there was an order granting the plaintiff's application for naturalization, and here Moya de Leon only requests that the Court review USCIS's determination for "legal error" in its decisionmaking.[2]  This

---

[2] Moya de Leon also suggests that the cases are doctrinally distinguishable since his action was filed pursuant to § 1421(c) (authorizing district courts to engage in a de novo review of denied applications), while the Ajlani plaintiff sought relief pursuant to § 1447(b) (authorizing district courts to decide or remand applications in the event of administrative delay).  But the Second Circuit's reasoning in Ajlani does not suggest a basis to distinguish between cases brought under these two

argument fails for at least two reasons.  First, Moya de Leon's position misapprehends the scope of review pursuant to § 1421(c), which expressly requires the district court to engage in a de novo review of the applicant's eligibility for naturalization, including making its own findings of fact and conclusions of law.  8 U.S.C. § 1421(c).

Second, the plaintiff's argument is foreclosed by the plain language of § 1429, which not only precludes the Attorney General from granting a naturalization application while a removal proceeding is pending, but more generally bars the Attorney General from even "consider[ing]" such applications. 8 U.S.C. § 1429.  Plaintiff has not identified any controlling authority to suggest that a district court can avoid "considering" a naturalization application while reviewing the USCIS's decision for legal error.[3]  Moreover, in Perriello, the

---

provisions.  Indeed, the court relied on Ninth and Sixth Circuit cases arising under § 1421(c) in support of its holding.  See Aljani, 545 F.3d at 239 (citing Bellajaro v. Schiltgen, 378 F.3d 1042 (9th Cir. 2004), and Zayed v. United States, 368 F.3d 902 (6th Cir. 2004)).

[3] Moya de Leon cites three cases, none of which are controlling. See Bellajaro, 378 F.3d at 1047 (holding that "district courts have jurisdiction pursuant to § 1421(c) to review the denial of an application for naturalization whether or not a removal proceeding is pending" (emphasis supplied)); Gonzalez v. Ashcroft, 684 F. Supp. 2d 555, 563 (D.N.J. 2010) (recognizing that "[t]his Court's opinion is against the weight of appellate authority established in other circuits," including Ajlani); Grewal v. Ashcroft, 301 F. Supp. 2d 692, 697 (N.D. Ohio 2004)

Second Circuit held that "considering an application" is a "prerequisite" to determining prima facie eligibility for naturalization -- one of the forms of relief that Moya de Leon expressly seeks in this action.  Perriello, 579 F.3d at 138.[4]

Finally, plaintiff and amicus curiae argue that judicial review of naturalization decisions is particularly important when removal proceedings are commenced after a naturalization application has been filed.  In such situations plaintiff contends that § 1429 "no longer operates to prevent a race to the court house but provides the Government an ultimate trump card on naturalization applications and eviscerates the judicial review envisioned by Congress."  This argument is unavailing.  In Ajlani, the Second Circuit recognized that its holding could allow the "executive to initiate removal proceedings to obstruct judicial consideration of naturalization applications."  Ajlani, 545 F.3d at 241.  Nevertheless, it held that a "colorable claim of such abuse is appropriately addressed on a case-by-case basis

---

(holding that § 1429 does not divest district courts of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P.).

[4] Plaintiff also argues that if this Court were to find that he is prima facie eligible for naturalization it would "allow the immigration judge to terminate [his] removal proceedings" pursuant to 8 C.F.R. § 1239.2.  Since § 1429 clearly prevents this Court from determining Moya de Leon's prima facie eligibility for naturalization, it is not necessary to address the merits of this related argument.

through litigation to terminate unwarranted removal proceedings." Id.

## CONCLUSION

The January 28, 2011 motion to dismiss is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

SO ORDERED:

Dated:   New York, New York
         May 23, 2011

                                    _____
                                    DENISE COTE
                                    United States District Judge